WILLIAM BURGESS, Respondent, v. JOHN P. HITT ET AL., Appellants.

### St. Louis Court of Appeals, March 23, 1886.

1. APPEALS—JUDGMENT—REVIVOR.—As a rule, an appeal from an order setting aside a judgment, does not revive the judgment pending the appeal.

2. EQUITY—MARSHALING SECURITIES.—A judgment creditor whose judgment has been set aside, has not, pending his appeal from the order setting aside the judgment, any lien or standing which will enable him to maintain a suit in equity to compel a mortgagee to sell that portion of the mortgaged property to which he can not resort before proceeding to sell the remainder.

APPEAL from the Cape Girardeau County Circuit Court, J. D. FOSTER, Judge.

*Reversed, and petition dismissed.*

WILSON CRAMER, for the appellants : The marshaling

of assets is a well settled branch of equity jurisdiction, but the rule upon which it is based is never applied, "except when it can be done without injustice to the creditor or other party in interest having a title to the double fund, and also without injustice to the common debtor." Story's Eq., Redfield's Ed., sects. 558, 559, and 560 ; 2 Wasb. Real Prop. (3 Ed.) 202, *et seq.;* 1 Wait's Actions and Def. 352 ; Jones on Mort., sects. 1628 and 1629 ; *Marr v. Lewis,* 25 Am. Rep. 553; *Fleshman v. Shepard,* 30 Mo. 324.

J. B. Dennis, for the respondent : One of the offices of an injunction is to prevent a multiplicity of law suits. *Damschraeder v. Thias,* 57 Mo. 181. And courts regard with favor proceedings which are preventive in their character. *Overall v. Ruenzi,* 67 Mo. 203. The marshaling of securities in suits of this kind is a doctrine so universally accepted as hardly to admit of question. Story, Eq. Jur. (11 Ed.) sects. 633, 634, 642, and 643.

Thompson, J., delivered the opinion of the court.

The appeal in this case is prosecuted from a decree enjoining the sale of a tract of land under two deeds of trust, on the theory that the plaintiff has a judgment lien on a portion of the tract, and that the defendants ought to be required to resort to that portion upon which the plaintiff has no lien before resorting to that portion upon which the plaintiff has a lien—in other words, on the doctrine of marshaling securities. An insuperable difficulty in the way of sustaining the decree is that the plaintiff does not appear to be a judgment lien holder. He indeed recovered a judgment in a proceeding in equity seeking to charge the tract of land in controversy as the separate estate of Mrs. O'Donoghue while under coverture, and had a special execution thereon under which the property was sold by the sheriff; but the court, subsequently, a year after the rendition of the judgment,

set aside the sale, quashed the execution, and also set aside the judgment itself. An appeal was prosecuted from this order to the supreme court, but clearly an appeal prosecuted from an order setting aside a judgment does not have the effect of reinstating the judgment. The general rule, subject to exceptions, of which this is not one, as to the theory of the effect of an appeal is, that the judgment or order appealed from stands, though execution thereon is suspended during the pendency of the appeal, if a *supersedeas* bond be given. It is upon this theory that the lien of a judgment holds, notwithstanding an appeal may be prosecuted from it to the supreme court. By parity of reasoning, the order appealed from in this case stands pending the appeal, the judgment remains vacated, and can only be reinstated by the reversal by the supreme court of the order setting it aside. · Freeman on Judgments, sect. 381.

The court had jurisdiction to set aside the judgment for irregularity at any time within three years after its rendition. Rev. Stat., sect. 3727; *Stacker v. Cooper Circuit Court*, 25 Mo. 401; *Harkness v. Austin*, 36 Mo. 47; *Downing v. Still*, 43 Mo. 309; *Phillips v. Evans*, 64 Mo. 17; *Craig v. Smith*, 65 Mo. 536. It may have exercised this jurisdiction erroneously, but, nevertheless, until the order is reversed by the supreme court, it stands as the law of the case, binding upon the court which made the order, upon this court, and upon every other court. It was the act of a superior court of record, apparently in the exercise of a power conferred upon it by statute, and we can not inquire in this collateral proceeding whether the power was properly or improperly exercised.

The status of the plaintiff, then, is, that he has an action pending, the object of which is to charge a debt upon this particular estate, in which action he may or may not get a judgment. This does not give him a lien or any security which he can have marshaled, as be-

tween himself and the defendant mortgagee, so as to compel the latter to resort for satisfaction of his debt to a particular portion of the land. He has not even the status of a creditor, for it has not been judicially determined that he is such. It can not even be said upon this record that he is a simple contract creditor; for he has not attempted to prove that in any way, except by showing that he has obtained a judgment which has been set aside. We do not mean to decide that the doctrine of marshaling securities is not in any case applied except in favor of a party who has a lien on a portion of the fund; we decide that it can not be applied in favor of one who claims to be a creditor, until it is judicially established that he is a creditor. All the books say that he must have a right to resort to a portion of the common fund, and this right he does not have until he gets a judgment.

The judgment will be reversed and the petition dismissed. It is so ordered. All the judges concur.