WILLIAM BURGESS, Appellant, v. LEON J. ALBERT, Executor of the Estate of JOHN P. HITT, et al., Respondents.

St. Louis Court of Appeals, April 21, 1891.

1.  Pleading : MARSHALING OF ASSETS.  In an action involving the priority of two liens against the same property, and not brought to marshal securities, there cannot be a decree requiring the holder of the first lien to first resort to other property. covered by his lien but not by the junior lien, especially when it does not appear that such other property is sufficient to satisfy such first lien.

2.  Married Women : CHARGING SEPARATE ESTATE : EFFECT OF DECREE. A charge upon the separate estate of a married woman by virtue of the general rules of equity takes effect only from the date of the decree establishing the lien ; and, therefore, it does not

take priority over a mortgage of such separate estate made in good faith prior to the rendition of the decree, but after, and to a person chargeable with notice of the institution of suit for the recovery of the decree.

*Appeal from the Cape Girardeau Circuit Court.*—HON. H. C. O'BRYAN, Judge.

AFFIRMED.

*Sam M. Green* and *R. B. Oliver*, for appellant.'

*Wilson & Whitelaw*, for respondents.

ROMBAUER, P. J.—To understand the complicated facts of this case, and the questions presented by this appeal, it is essential to state briefly, in chronological order, the events which give rise to the present controversy. Mrs. Ruth Green, while a widow, and fully capable to contract at law, in December, 1873, made her promissory note for $249, payable to the plaintiff one day after date with ten-per-cent. interest. At that time she was entitled to part of the proceeds of her deceased husband's estate, which, in 1879, she invested in the purchase of the realty hereinafter mentioned. She had married one O'Donoghue in the year 1875, and was his wife at the date of such investment. In February, 1879, the O'Donoghues, husband and wife, made a note for $275 to Alexander, curator, and executed a deed of trust, with power of sale of the realty, to Wilson, to secure said note. In April, 1879, the plaintiff filed his bill in equity charging that the real estate, thus acquired by Mrs. O'Donoghue, was her separate estate, and that, at the time she made the note to him in 1873, she promised to pay the same out of the proceeds of her separate estate. Alexander, curator, was made a party defendant to this bill, as was also Wilson, the trustee. The bill prayed that the realty, which Mrs. O'Donoghue bought as above in 1879, be sold for the payment of the balance due on the note executed in 1873, but prayed

no affirmative relief otherwise as against Wilson, the trustee, or Alexander, the beneficiary, and in fact Wilson was made a party defendant to the bill in his capacity as executor of Green's estate only. In May, 1880, the O'Donoghues, husband and wife, made another promissory note for $450, payable to John P. Hitt, and to secure its payment executed a second deed of trust, with power of sale to Wilson. The bill filed by the plaintiff in 1879 was prosecuted to final decree, and by such decree, rendered in November, 1880, the balance due. on the note executed in 1873 was made a charge and lien upon the land of Mrs. O'Donoghue, and so much of the land as necessary was ordered to be sold on special execution to satisfy the lien ; but the decree made no mention whatever of the two deeds of trust, or of either Wilson or Alexander, curator. The property was thereupon sold on this special execution, first setting apart the homestead of the Green children, and the plaintiff became the purchaser. After this, the holders of the two notes executed by the O'Donoghues, husband and wife, advertised the property for sale under the two deeds of trust, whereupon the plaintiff filed this bill to restrain the sale, and obtained a preliminary injunction, which, however, upon final hearing was dissolved when the bill was dismissed. The decree dismissing the bill gave rise to the present appeal.

The points urged for reversal of the decree are, that the claimants under the two deeds of trust took with notice of plaintiff's prior lien, and are precluded by the decree in plaintiff's favor, and that, even if such were not the fact, the court erred in not compelling them to exhaust their security against that part of the premises set apart as a homestead, on the theory of marshaling securities. Touching the second point, it will suffice to say that the plaintiff's bill is not brought on the theory of marshaling securities, as his former bill was, on which we passed in *Burgess v. Hitt*, 21 Mo.

App. 313. The plaintiff does not claim to be a subsequent lienor, or a holder under a second lien, but claims to be the holder of the property as purchased under a paramount lien. Nor does either the bill claim, or the evidence show, that the residue of the property is sufficient to discharge the claim made against the whole property by the two mortgages, nor was the case tried on any such theory. The only question submitted to the trial court for consideration by the bill and evidence was the priority of the lien, under which the plaintiff claims, to the lien of the mortgages under which the defendants claim.

In regard to the first point, the statement of the facts above set out shows, without extended comment, the correctness of the decree appealed from. The plaintiff, under the well-settled law of this state, had no lien on the realty under his decree against the O'Donoghues, until the date of his decree, which was subsequent to the inception of the lien created by the two deeds of trust. *Davis v. Smith*, 75 Mo. 219; *Boatman's Bank v. McMenamy*, 35 Mo. App. 198, 204. Although Wilson and Alexander, the trustee and *cestui que trust* in the first deed of trust, were made parties to that bill, the bill prayed no relief against them, nor did the decree grant any relief. Had the decree done so, then, however unwarranted the decree might have been, they would have been bound by it, and the question which the appellant now seeks to raise, that those claiming under them are equally bound, would be one to be discussed and to be decided. As it is, that question is not in the case. It is also foreign to the issues raised by the record, whether and to what extent *lis pendens*, without record of equitable lien under the statute, is notice to the world, or whether such record is unnecessary, where actual notice is shown, since in our view, even if there had been a recorded notice, it could not have changed the result. The question of priority

of liens was in no way involved in the first bill or decree; no fraud was claimed or shown then, nor is any fraud claimed by the present bill; and the decree of the court dismissing that bill is correct under the uncontroverted facts.

All the judges concurring, the decree is affirmed.