| 46 | 677 |
| 46 | 682 |

FARMERS LOAN & TRUST COMPANY V. M. M. KILLIN-
GER ET AL., APPELLEES, AND DAVID A. HALE,
APPELLANT.

FILED JANUARY 9, 1896.  No. 5772.

Judgments: ORDER VACATING: CONTINUANCE OF LIEN. A
court, upon setting aside a mere money judgment, has no power
to continue in existence the statutory judgment lien of the
judgment set aside that it may attach to such judgment as sub-
sequently may be rendered in the same cause.

APPEAL from the district court of Madison county.
Heard below before SULLIVAN, J.

Allen, Robinson & Reed, for appellant, cited: Exley v.
Berryhill, 30 N. W. Rep. [Minn.], 436; Whereatt v. Ellis,
30 N. W. Rep. [Wis.], 520; Nuckolls v. Irwin, 2 Neb.,
60; Flagg v. Cooper, 54 N. Y. Sup. Ct., 50; Loomis v.
Second German Building Association, 37 O. St., 392;
Leonard's Appeal, 94 Pa. St., 180; Kittanning Ins. Co. v.
Scott, 101 Pa. St., 449; Cope's Appeal, 96 Pa. St., 294;
Holmes v. Bush, 35 Hun [N. Y.], 637.

S. O. Campbell and Wigton & Whitham, contra.

RYAN, C.

This action was for the foreclosure of a mortgage made
to the Farmers Loan & Trust Company by M. M. Kill-
inger and his wife. There were made defendants Louis
Stein & Co., David Hale, and L. B. Baker. A contro-
versy not settled to the satisfaction of one party was be-
tween L. B. Baker, who had filed his claim for a mechan-
ic's lien against the real property of Killinger on August
6, 1889, and D. A. Hale, who had recovered judgment
against M. M. Killinger on May 2, 1889. One of the

journal entries introduced in evidence in this case was as follows:

"David A. Hale
v.                } Wm. V. Allen's journal entry.
M. M. Killinger.

"And now on this 29th day of July, 1889, it being a judicial day of the regular April, 1889, term of this court, this cause came on for hearing to the court on the defendant's motion to set aside the judgment heretofore entered in this case, and to be let in to defend, supported by the affidavit of the defendant. On consideration of said motion the same is granted by the court, the judgment set aside, and the defendant let in to defend, on condition that he pay all the costs of this case; to all of which the plaintiff duly excepted.

"It is further ordered that the plaintiff have forty days from this date to prepare and settle a bill of exceptions. It is further ordered that the attachment and general judgment lien obtained by the plaintiff in this case shall be preserved to him and in no manner be affected by this order."

On May 2, 1890, judgment was rendered in the above entitled cause against the defendant for the sum of $388.45 and costs. The judgment which had been rendered just one year previously was for $620. As has already been stated, the claim of L. B. Baker for a mechanic's lien was filed August 6, 1889. The appellant claims that this lien was subject to the lien of whatever judgment should be recovered ultimately by Mr. Hale, and that, therefore, the final judgment in the sum of $385.45 should have been declared superior to the aforesaid mechanic's lien. The contention of the appellees, that the lien of David A. Hale's judgment dated only from May 2, 1890, was sustained by the district court, and to reverse this postponement of his lien this appeal was taken.

In argument it was urged that the order setting aside

the judgment in Mr. Hale's favor was made upon condition that the judgment lien, previously existing, should be preserved and held to attach to whatever judgment ultimately should be rendered. This construction is not borne out by the language employed, for the order with reference to the preservation of said lien was made after, and independently of, the order setting aside the judgment.

It is further insisted that the language of the final paragraph of the above journal entry brought about one result, and that was that the lien of the judgment opened was, by the court, preserved for the enforcement of whatever final judgment should be rendered. To sustain this appellant's counsel have cited several Pennsylvania cases. The practice in that state does not seem to depend upon an express provision of the statutes. We infer, however, that there is held to exist a material difference between opening a judgment and setting it aside. This inference seems justified by the following language quoted from *Steinbridge's Appeal*, 1 Penr. & W. [Pa.], 481: "A judgment may be opened, or it may be set aside. If the former, it remains a judgment still, and with all the attributes as such, of which the order of the court has not deprived it. Here it was opened to let the party into not even a full defense; consequently it was no further disturbed than to effect that object." In 1 Troubat & Haly's Practice, section 60, a work specially designed for use in Pennsylvania, is found this language: "Our remedy, also, for irregularity or collusion in the rendition of a judgment is to overturn it; but for pretermitted matter of defense it necessarily is to open it, for it is impossible to say what may be found due. Our practice, therefore, is to try collusion by a collateral issue, but matter of defense, by an issue in the cause which gives the defendant all proper advantage of matter of original defense without loosening the plaintiff's hold on the security gained by the judgment." The Pennsylvania cases cited in the brief for appellant were where the judgment

had been opened and the defendant let in to defend. They, therefore, afford no justification of the claim that in that state a judgment may be set aside and yet that the lien of such judgment may continue to exist.

In the case of *Flagg v. Cooper*, 54 N. Y. Sup. Ct., 50, the judgment was not vacated, but leave to defend was granted upon the express condition that the judgment already in existence should stand as security, but that no execution thereon should issue. The fact that the defendant had availed himself of this condition influenced the court somewhat in the direction of holding the defendant bound by this provision.

The case of *Loomis v. Building Association*, 37 O. St., 392, also cited by the appellant, rather tends to deny than recognize the claim that a lien may survive a judgment after it has been set aside, for in that state it had been deemed necessary to effect that result that this statutory provision quoted in the opinion should be adopted, to-wit: "In all cases where the party against whom the judgment is rendered obtains a second trial under the act to which this is amendatory and supplementary, the lien of the opposite party so obtaining such second trial, created by said judgment, shall not be by the obtaining of such second trial removed or vacated, but the real estate of said party so obtaining such second trial shall be bound in the same manner as if said second trial had not been demanded until the final determination of the case."

From this review of all the cases cited by the appellant upon this point it is very clear that an order made, as was the one which we now have under consideration, has not been shown to have had the effect claimed to have been generally recognized as resulting from such an order.

In *Loomis v. Building Association, supra*, it was said: "A judgment lien is a creature of the statute, and does not exist except by its authority. The correctness of this proposition will not be questioned. The provision of our stat-

ute, found in section 477 of the Code of Civil Procedure, by virtue of which appellant's judgment created a lien of any kind, is in this language: "The lands and tenements of the debtor within the county where the judgment is entered shall be bound for the satisfaction thereof from the first day of the term at which judgment is rendered." There is found in the statutes of this state no provision which makes this lien dependent upon any other consideration than the rendition of a judgment. It would be deemed an extraordinary and unwarranted proceeding if a court, contemporaneously with the entry of a mere money judgment, should order that by virtue thereof its lien should date from some time named before the first day of the current term. If such an order could not be made at the time of the rendition of the judgment, it could scarcely be possible for the court, upon the entry of an order setting aside such judgment, to provide that if thereafter, no matter if a year subsequently, there should be another judgment, its lien, instead of arising as provided by statute, should be deemed to have been in existence from the date at which the first judgment had its origin. We are not considering what order might properly be made by a court in the exercise of its equity powers continuing a lien as between the parties to such an action.

In the case wherein judgment was rendered, M. M. Killinger was the sole defendant, the party whose lien is sought to be postponed therefore could not be bound by an order or judgment on the theory that as to him it was *res judicata*. We are of the opinion that, under the circumstances, the court had no power upon opening a mere money judgment to order that the lien thereof should remain in existence and attach to a subsequent judgment of like character whenever such judgment might be rendered. The judgment of the district court is

AFFIRMED.