GEORGE W. CURTISS, Appellant, v. W. L. BELL, Respondent.

Kansas City Court of Appeals, May 25, 1908.

1. JUDGMENTS: Setting Aside: Subsequent Term: Motion: Appearance. After the term passes a judgment cannot be set aside on mere motion and the only relief is by review or by bill in equity; and there can be no relief under the petition to review, when the defendant was summonsed and appeared as by filing answer.

2. ———: ———: Mistake: Evidence: Appeal. Evidence relating to a mistake in rendering a judgment is held insufficient to authorize the setting aside of a judgment in equity, since the only mistake shown was one which could be corrected on motion or appeal at the term.

3. ———: ———: Fraud: Evidence: Diligence. Mistaken misrepresentation cannot constitute fraud either actual or constructive in securing a judgment when such judgment could be legally rendered; and a petition in equity to set aside a judgment and evidence in support thereof are held wholly insufficient, since there was no meritorious defense shown and the party was guilty of negligence.

4. ———: ———: Appeal: Equity: New Trial.  While under the statute no appeal lies from orders setting aside a judgment on motions filed at the same term, such statute has no application to equitable proceedings for setting aside a judgment, since the judgment is final unless appealed and destroys the legal effect of the entire proceeding.

Appeal from Jackson Circuit Court.—*Hon. Andrew F. Evans,* Special Judge.

REVERSED.

*Metcalf, Brady & Sherman* for appellant.

(1)   The motion does not attempt to show diligence on the part of the defendant in attending to the case, neither does it state any facts from which the court could determine whether or not the defendant had a meritorious defense to the cause of action stated in plaintiff's petition and that the defendant would be benefited by the court sustaining the motion.  Campbell v. Gaston, 29 Mo. 345; Biebinger v. Taylor, 64 Mo. 63; Carr v. Dawes, 46 Mo. App. 359; Byers v. Jacobs, 164 Mo. 141.   (2)   The judgment was regularly taken and after the term had elapsed the court had no control over the judgment except where fraud was committed in procuring it.   Martin v. Lutkewitte, 50 Mo. 58; Murphy v. DeFrance, 101 Mo. 151; State ex rel. v. Renick, 157 Mo. 292; Harbor v. Railroad, 32 Mo. 423; Lovitt v. Russell, 138 Mo. 474; Brewer v. Dinwiddie, 25 Mo. 351; Orvis v. Elliott, 65 Mo. App. 96; R. S. 1899, sec. 672; Cradwell v. Stuart, 92 Mo. App. 596; Hopkins v. Cathran, 17 Kan. 173; Byers v. Jacobs, supra; Halsey v. Meinwrath, 54 Mo. App. 343.   (3)   The defendant's testimony shows that the default was occasioned by the negligence of the defendant's attorney and that no other cause contributed to it.   Welch v. Mastin, 98 Mo. App. 273.   This negligence appearing, it was beyond the power of the court to disturb the judgment.   Costilo v. Greenburry, 51 Mo. 162; Weiner v.

Morris, 7 Mo. 6; Carr v. Dawes, supra; Lovett v. Russell, supra.

*Flournoy & Flournoy* for respondent.

(1)    This court has no jurisdiction of this case because the law does not authorize an appeal from the order upon which this appeal was taken.    R. S. 1899, sec. 806; Greeley v. Railroad, 123 Mo. 157; Crossland v. Admire, 118 Mo. 87; Schowerer v. Christophel, 64 Mo. App. 81; Kedder v. Wright, 72 Mo. App. 378; Bried v. Hobard, 187 Mo. 140; State ex rel. v. Burns, 66 Mo. 227.    (2)    The judgment being irregular upon the face of the record was properly set aside upon motion. Norman v. Hooker, 35 Mo. 366; Neman v. City of St. Joseph, 126 Mo. 89; Daugherty v. College, 53 Mo. 579. (3)    Although respondent's attorneys were guilty of negligence the judgment would not have been rendered but for the misinformation given to the court by appellant's attorneys, which  under  the circumstances amounted to fraud.    The hearing of the case at the time was caused by the mistake of the court as to the facts about the answer, and, as to whether the respondent had an attorney representing him in the case, and that mistake was caused by the fraud of appellant. The proceedings by motion to set aside the judgment was proper, and the judgment was legally and properly set aside.    Fisher v. Fisher, 114 Mo. App. 627.

BROADDUS, P. J.—This is an appeal from the action of the court setting aside a judgment by default. On the 26th day of December, 1906, the plaintiff instituted the action for a dissolution of the partnership and for an accounting.    Summons was duly served upon the defendant returnable to the January term of the circuit court of Jackson county, to be held at Kansas City.    The case was regularly docketed, and on, the 4th day of April, 1907, at which time a sitting of all court cases was made whether contested or uncon-

tested, at which time plaintiff answered that he was ready for trial, and the court placed the case on the list of trial cases to be tried in its regular order.     It was reached in its order Saturday, April the 6th, and the defendant not appearing the court heard the evidence introduced by the plaintiff, and entered judgment accordingly in his favor.

On April the 12th during the next regular term of the court the defendant filed his motion to set aside the judgment which the court sustained.     The said motion omitting the caption is as follows:

### "BILL OF EXCEPTIONS.

"Be it remembered, that on Friday, April 12, 1907, the same being the fifth day of the April term, 1907, the defendant filed his motion to set aside the judgment heretofore rendered, as follows:

"In the Circuit Court of Jackson County, Missouri, at Kansas City.     April Term, 1907.

"George W. Curtiss, Plaintiff, v. W. L. Bell, Defendant.     Cause No. 30531.

"Now comes the defendant and moves the court to set aside and for naught hold the judgment rendered in this case on the last day of the last term of this court, and as reasons for setting aside said judgment, defendant states:     First, that said judgment is irregular and void for the reason that it was rendered by default when at the time of its rendition an answer was on file in said cause, and said case was at issue. Second, that said judgment was rendered on the last day of the last term of this court, to-wit, on Saturday, April 6, 1907; that on said day the court did not intend to hear and was not hearing any cases other than default cases, and that by mistake the court rendered judgment in said case, thinking said case was a default case.     Third, that the attorneys representing the plaintiff in this case stated to the court at the time

judgment was rendered that no answer had been filed in said cause when an answer was then on file, and that by said statement to the court plaintiff's attorneys thereby misled the court. Fourth, that the plaintiff's attorneys well knew that the attorneys, Flournoy & Flournoy, who represented the defendant in said cause, intended to make a defense in said action; that W. S. Flournoy, one of the attorneys for the defendant, was in court on Friday, April 5th, and upon examination of the judge's docket discovered marks on said docket at said cause which indicated to the attorney that said cause had been passed for the term, and said attorney did not believe that any case would be taken up and tried on Saturday, it being contrary to the regular estalished custom and procedure of the court. Fifth, that the name of the attorney for the defendant appeared on the docket, and that the judge of the court observing said name, asked plaintiff's attorney if Mr. Flournoy did not as attorney represent the defendant, and plaintiff's attorney informed the court that said Flournoy did not represent the defendant, and that the defendant was not represented by counsel in said cause, when in truth and in fact, plaintiff's attorney well knew that defendant was represented by counsel, for they had had a conference with plaintiff's attorney about the case and knew that the attorney intended to defend said cause. Plaintiff further states that execution has been issued on said judgment and is about to be levied by the sheriff under the direction of plaintiff's attorneys. Wherefore plaintiff asks that said execution be stayed until this motion be determined. Defendant further states that he has meritorious defense in said cause and is not indebted to the plaintiff in any sum.

"FLOURNOY & FLOURNOY,
"Attorneys for Defendant."

Mr. W. S. Flournoy who was the defendant's counsel was sworn as a witness on the hearing of the motion. He stated, that he was attorney for defendant in several cases, but by some oversight this case was not put upon his court docket; that he had the impression that it was returnable to the April term, that it passed entirely out of his mind for awhile; that on Friday, the 5th day of April, he saw his client, who asked him if anything had been done with his case, when he told him no, it had not yet been reached; that his client then told him that he had learned that the case had been called and no one answered and it was passed; that he then looked up the record and found that the case was returnable to the January and not the April term; that on Friday the 5th of April he was engaged in business at Independence and returned in the afternoon to Kansas City and filed an aswer in the case; that it was his understanding that each Saturday during term time was given entirely to the disposition of motions and no cases were otherwise heard; that he filed an answer in the case after he returned from Kansas City and gave the matter no more attention as the next day was Saturday and the last day of the January term, and that he did not learn that the case had been set for trial until after the judgment was rendered.

It was shown that at the time the judgment was rendered the court inquired if the defendant had an attorney and that the plaintiff's attorney replied that he had not. The court also asked if there was any answer on file to which plaintiff's attorney replied that there was not. The plaintiff's attorney by way of explanation stated that he had examined the files a day or two previous and found there was none, and that he did not know that one had been filed the day before; and that the reason he had made the statement that defendant had no attorney was that he had understood that there had been some misunderstanding between

Mr. Flournoy and defendant and that he no longer represented him in the case.

As the term had passed since the rendition of the judgment the judgment could not be set aside on motion, and the only way in which relief could be obtained was by a motion to review or by bill in equity. A final judgment cannot be set aside on a petition to review, when the defendant has been summoned or has appeared to the suit. [R. S. 1899, sec. 7777; Campbell v. Garton, 29 Mo. 343; Biedinger v. Taylor, 64 Mo. 63; Carr v. Dawes, 46 Mo. App. 359; Byers v. Jacobs, 164 Mo. 141.] Consequently relief cannot be afforded defendant as he was duly summoned and appeared to the suit.

The only mode by which plaintiff can be heard is in equity for fraud or mistake. The motion recites that the judgment was obtained by fraud and mistake, and that the defendant has a meritorious defense, but what the defense consists of is not stated, as it should have been. But as the plaintiff has not objected to the sufficiency of the motion for that omission, we will consider it waived, and treat the case as far as we may under the allegations as a petition in equity to set aside the judgment for fraud and mistake.

At the outset however we are of the opinion that there was nothing to show that there was any mistake made in the rendition of the judgment under the circumstances. If the court was not authorized in view of the facts to render judgment after hearing the evidence because there was an answer on file consisting of a general denial it was an error of the court, which could only be corrected on motion filed during term or by appeal. A court might make a mistake as to some matter in rendering its judgment dehors the record, which a court of equity would have the power to correct, but there could be no mistake as to the judgment itself. [6 Pomeroy's Equity, sec. 660.]

The case must therefore depend upon the question

Curtiss v. Bell.

of fraud. The facts disclose that there was no intentional fraud; that the representations of the plaintiff that defendant had no attorney and no answer had been filed were not made for the purpose of deceiving the court, but were made innocently although mistakingly. The plaintiff's attorney having examined and found two days previously that no answer had been filed, might well have concluded that defendant had no attorney as three months had elapsed since the time when the same should have been filed. If there was any fraud it was constructive and not actual fraud. Its effect, however, in law would be the same as if the acts of plaintiff's attorney had been intentional, if it resulted in fraud of the rights of the defendant.

If the court had been informed that there was an answer on file perhaps it would not have heard the cause and rendered judgment. But such at most is a supposition. The court may have disregarded the answer because it was filed out of time without leave, and tried the case and rendered judgment, which would have been final and conclusive after the expiration of the term and which a court of equity would have no jurisdiction to disturb. If it was such a judgment as the court might and should have rendered, the representations of plaintiff's attorney did not constitute either actual or constructive fraud. It would be a solecism to say that that which induced the court to render a lawful judgment was fraudulent and unlawful. As a matter of law the plaintiff was entitled to a judgment against the defendant because he did not file his answer in time. [R. S. 1899, sec. 597.] There could be no mistake and no fraud under the circumstances. Many other reasons might be given to show that there was no such fraud or mistake that a court of equity is authorized to remedy. There was no effort whatever made to show that defendant had a meritorious defense to the action. But it was shown and conclusively that

defendant was guilty of negligence and that had it not been for such negligence no judgment would have been rendered.	The doctrine is broadly stated in Jones v. Rush, 156 Mo. 365 l. c. 374: "At all events a court of equity can do nothing for a man who will not try to take care of himself." This rule applies to all kinds of cases and is universal in its application.

But it is contended that there is no appeal from the action of the court in setting aside a judgment. It is decided that section 806, Revised Statutes 1899, does not authorize an appeal from an order setting aside a judgment. [Greeley v. Railroad, 123 Mo. 157; Crossland v. Admire, 118 Mo. 87; Schwoerer v. Christophel, 64 Mo. App. 81.] But the decisions refer to orders made at the same term in which the judgment is rendered. This is a suit in equity, if any, and the judgment of the court setting aside its former judgment is final unless appealed. Its legal effect was to avoid not only the judgment but the entire proceedings. Courts of equity do not grant relief for the purpose of giving the defeated party a second opportunity to be heard on the merits of the case. [Murphy v. De France, 101 Mo. 151.]

The cause is reversed. All concur.