THOMAS C. BROWN, Respondent, v. GEORGE W. CURTISS and JOHN M. ROOD, Sheriff, Appellants.

Kansas City Court of Appeals, May 1, 1911.

JUDGMENTS: Lien: When Reinstated Judgment Not Restore Lien. C., one of the appellants, obtained a judgment which was afterwards set aside by order of the trial court on the motion of defendant after the expiration of the term at which it was rendered. This action was reversed on appeal, and the judgment reinstated. Defendant in the interim conveyed land to respondent, who afterwards obtained a decree that it was free from any lien from the reinstated judgment, which decree

restrained C. or the sheriff from selling it on execution. *Held,*
that, where the court which erroneously set aside the judgment
had jurisdiction of the parties, and the subject-matter, its action
was binding upon the parties until reversed by the appellate
court. Hence, the reinstatement of the judgment .did not restore
appellant's lien on the land as of the date of the original judg-
ment as against respondent who became a purchaser while the
case was pending on appeal.

Appeal from Jackson Circuit Court.—*Hon. James E.
Goodrich,* Judge.

AFFIRMED.

*Metcalf, Brady & Sherman* for appellants.

*Grant I. Rosenzweig* for respondent.

BROADDUS, P. J.—This is an injunction suit.
Appellants' statement is sufficient for all the purposes
of the case and is as follows: "The petition upon which
this action was founded was filed by the respondent in
the circuit court of Jackson county, Missouri, on Jan-
uary 27th, 1909, and recites that the plaintiff is the
owner in fee of the property therein described and that
John M. Rood, one of the defendants, was sheriff of
Jackson county, Missouri, and that he, under the di-
rection and for the benefit of said Curtiss, and the said
Curtiss were attempting to and were about to make a
sale of said property under and by virtue of an execu-
tion. issued out of the circuit court of Jackson county,
Missouri, in a certain case in which George W. Curtiss
was plaintiff and W. L. Bell was defendant.

"The petition then describes the said judgment as
having been obtained on April 6, 1907, it also recites that
said Bell on the 12th day of April, 1907, filed a motion to
set aside the said judgment, and that said judgment was
by an order of court entered of record on April 13, 1907,
set aside and for naught held and that said Curtiss
properly appealed said cause to the Kansas City Court
of Appeals, which appeal was allowed and continued
undetermined in said court of appeals until May, 1908,

and that in May, 1908, the said Kansas City Court of Appeals reversed the said judgment of the circuit court of April 13, 1907.

"The petition then recites that on June 28, 1907, the defendant, Bell, conveyed the said property by general warranty deed to the National Bank of Commerce of Kansas City, Missouri, and that the said bank, on the 19th day of October, 1907, deeded for full and valuable consideration the said property to the respondent herein.

"The petition further recites that the judgment above described was not a valid lien or claim against the said property for the reason that at the time of the acquisition of said property by said bank and by said Brown, the judgment was set aside and held for naught by the circuit court, and for the further reason that the judgment in the name of W. L. Bell is insufficient to charge a lien upon the lands acquired by the bank by Brown from Wilbur L. Bell.

"The petition further states that said bank and said Brown were in ignorance of any valid lien arising through said judgment against the said land and that so far as said Brown is concerned the said judgment was not a valid lien.

"The prayer in the petition asked that the proceedings under judgment and execution aforesaid, touching said land, be removed as a cloud upon plaintiff's title and that the defendants be restrained from making execution sale and from all other proceedings against said property and that the title to said property be declared in the plaintiff, free and clear of said encumbrance.

"The answer upon which this cause was tried, admits the facts contained in the petition as above recited and denies that the circuit court did set aside said judgment and avers that the order of the court in setting the same aside was null and void and that the court in making said order was without jurisdiction and authority and that the order admitted to have been

made, did not deprive the respondent, Curtiss, of his lien against said property and that the said Bell in selling said property sold the same subject to the lien of said judgment and that the said judgment remained a lien on said property when conveyed to this plaintiff.

"Upon these pleadings the court on the 24th day of November, 1909, after hearing the evidence, found the issues therein in favor of the plaintiff and found that the judgment, which is the subject of controversy in this action and being the judgment recovered by said Curtiss against W. L. Bell, on April 6, 1907, in the circuit court of Jackson county, Missouri, at Kansas City, is not and was not a lien upon the land involved in this action on the date said conveyance was made from Bell to the National Bank of Commerce and that the said lands passed to plaintiff free and clear of said judgment, free and clear from any and all liens and effect by and on account of said judgment and that the said Curtiss and Rood, as sheriff, did not have and have not now any right to sell the lands under or on account of any execution heretofore or hereafter issued upon said judgment.

"The circuit court then decreed said land to be free and clear of said judgment and restrained said Curtiss and Rood from making execution sale of said land under said judgment. The defendants appealed from this action of the circuit court."

The position of the appellant stated in a few words, is that his judgment which was set aside, remained in full force and effect pending the appeal to reinstate it, and that defendants had notice of such appeal and as such are not innocent purchasers. Or, in other words, that the judgment of the court of appeals reversing the case and reinstating his judgment had the effect of restoring his lien upon the defendants' land as of the date of such judgment.

It is contended that the judgment in the case of Curtiss v. Bell which was set aside on the application

of defendant after the expiration of the term at which it was rendered was a final judgment which could only be disturbed by a motion to review or by bill in equity. This contention is true and it was so held in the case on appeal. [Curtiss v. Bell, 131 Mo. App. 245.] And the court holds that a bill for review was not available as defendant was duly summoned and appeared in the case; and that the only remaining remedy would be in equity on the ground of fraud in procuring the judgment, and it was so considered. But the holding was that there was no fraud shown and the judgment was reinstated.

We are confronted with the proposition that where a judgment is set aside on the ground of equity, and it is held on appeal that no such equity existed and the judgment restored, such proceeding is to be treated as *coram non judice,* as if it never as a matter of law had any existence. We cannot accede to this proposition. The court undoubtedly had jurisdiction of the subject-matter and the parties. And whereas the action of the court was erroneous, still it was binding upon the parties until reversed by the appellant court, and it is so held in Curtiss v. Bell, supra. It is there said: "This is a suit in equity, if any, and the judgment of the court setting aside its former judgment is final unless appealed." [L. c. 253; Rodney v. Gibbs, 184 Mo. 1; Howland v. R. R., 134 Mo. 474; State v. Wear, 145 Mo. 162; Fisher v. Fisher, 114 Mo. App. 631.] It follows then that had the judgment not been appealed from and reversed, the plaintiff's title to the land would have been free from any and all claim of defendant Curtiss, so far as said original judgment could affect it.

The real question in the case is what effect the reinstatement of the judgment by the Court of Appeals had upon the rights of plaintiff who became purchaser while the case was pending on said appeal.

We have some adjudications in this state pertinent

to the question. In Schmidt v. Niemeyer, 100 Mo. 207, it is held that: "The vacation of a judgment, on motion at a subsequent term, does not affect a purchaser, without notice of irregularities, at a sale under an execution on the judgment, where the latter is not wholly void." "It is well settled that a judgment *nunc pro tunc* cannot be made to operate to the prejudice of the rights of third parties acquired in good faith between the time of the rendition of the original judgment and the entry of the judgment *nunc pro tunc.*" [McClannahan v. Smith, 76 Mo. 428.] And it is so held in Coe v. Ritter, 86 Mo. 277.

Where the court has general jurisdiction over the class of cases with appearance of parties and judgment rendered, such judgment is a finality until reversed or modified on appeal or writ of error or set aside in a direct proceeding for fraud. [Rodney v. Gibbs, supra.]

The restitution to which a party is entitled to recover upon the reversal of an erroneous judgment is everything which is still in the possession of his adversary. If the adversary party has acquired title to land or goods by virtue of his execution, if the judgment be reversed, his title to the lands or goods fails," etc. Not so where the sale is to a stranger *bona fide.* [Gott v. Powell, 41 Mo. 417; Colburn v. Yantis, 176 Mo. 670.]

It is a general rule that, "an appeal from an order setting aside a judgment, does not revive the judgment pending the appeal." [Burgess v. Hitt, 21 Mo. App. 313.] We find the foregoing views supported by the appellate courts of other states. [See Head v. Newcomb, 57 N. W. 443.] In Farmers' Loan & Trust Co. v. Killinger, 65 N. W. 790, it is held that: "A court, upon the setting aside a mere money judgment, has no power to continue in existence the statutory judgment lien of the judgment set aside, that it may attach to such judgment as subsequently may be rendered in the same cause." And so Olyphant v. Phyfe, 58 N. Y. Supp. 217; Doughery v. Marsh et al., 11 Ga. 277.

But whatever may be the ruling of other states, it is the established law of this state that in such cases the judgment lien is lost. The judgment is affirmed. All concur.