Della Mae DEE, Appellant,

v.

Francis DEE, Respondent.
No. 22487.

Kansas City Court of Appeals.
Missouri.
March 4, 1957.

Leonard Johnson, St. Joseph, for appellant.

Pettijohn & Eiser, Oregon, for respondent.

SPERRY, Commissioner.

Plaintiff filed this suit in equity wherein she sought to have set aside a decree of divorce granted to defendant herein (plaintiff in the divorce action) against plaintiff (defendant in the divorce action); and she also sought, in a second count, specific performance of an oral agreement, concerning a property settlement alleged to have been entered into between plaintiff and defendant during the pendency of the divorce action. From an adverse judgment on both counts plaintiff prosecutes this appeal.

Plaintiff states the issues herein as follows:

"(1) Do the record facts and evidence establish equitable fraud and mistake in the procurement of the judgment complained of entitling plaintiff to the relief sought under Count 1 of her petition?

"(2) Is it shown by the evidence that a confidential relation existed between plaintiff and defendant at the time of their negotiations for a property settlement, as shown by the evidence of both plaintiff and defendant?

"(3) Do the record facts and evidence show that plaintiff is entitled to relief prayed for in her second count in the form of a decree of specific performance based on the theory of a property settlement agreement or upon the alternative theories of estoppel and promissory estoppel?"

Plaintiff and defendant were legally married in 1939 and separated in September, 1953. Defendant was granted a decree of divorce, by default, on November 3, 1954. The instant action was filed September 26, 1955. No children were born to the marriage. At the time of the separation and divorce the parties lived at Craig, in Holt County, Missouri. Thereafter, defendant continued to live at Craig but plaintiff, about a year prior to the trial of this cause, which trial was had December 29, 1955, established her home with a son, in Omaha, Nebraska.

Plaintiff alleged as grounds for setting aside the divorce decree that, at the time of filing the petition for divorce and prior to service of process on her, defendant knew that charges of misconduct against her, alleged in the petition, were false and unfounded and that plaintiff had a meritorious defense thereto; that he fraudulently induced plaintiff to refrain from employing counsel, filing answer, or appearing in the action, by offering to transfer to her certain personal property which she agreed to accept; and that she was further prevented from appearing and defending said action because of false and misleading information as to the date of trial, given to her by defendant counsel's secretary.

There was evidence to the effect that defendant had previously filed a divorce action against plaintiff, in Kansas City. She claims that he dismissed that action because she employed counsel and prepared to defend it, but defendant stated that he dismissed it on the advice of counsel, and filed it in Holt County.

Plaintiff's evidence was to the effect that she was duly served with process after the second divorce suit was filed, in August, 1954; that she was then in poor health, was under a doctor's care, and was without financial means; that the title to all property was then in defendant, consisting of household goods valued at about $300, an automobile worth $600, and a dump truck worth $2,000; that shortly after that suit was filed defendant told her that he would "settle" with her "right," he would give her "my part," that there was no use for her

to engage a lawyer, that she wouldn't get a "dime" if she went to an attorney; that he would spend every dime he had fighting her if she employed counsel; that, because of said statements made to her by defendant, she did not employ counsel; that on October 25, the first day of court term, she had a friend call the circuit clerk, who told her the case would be tried on October 29; that the parties had repeatedly discussed a property settlement, that defendant told her to talk to his attorney about the matter, which she did on Sepember 24 and several times later; that, on the night of October 28, 1954, she rode from Craig to Oregon, the county seat, with defendant; that he offered to give her the dump truck and she agreed to accept it; that she thought the case was to be tried the next day and intended to appear and represent herself in court; that she was at the county seat October 29, and watched the court house, but that defendant did not appear; that she called defendant's attorney's office and was told by his secretary there was no court that day, and the case would not be tried until the next term of court; that she left town and learned two weeks later that the case was heard on November 3, 1954; that she consulted counsel and filed a motion to set the decree aside but said motion was by her dismissed several months later; that she, on September 26, 1955, instituted the present action; that defendant refused to give her the truck after the divorce was granted, that when they separated he gave plaintiff war bonds in the amount of $450.

She admitted that she testified, at the hearing on the motion in the divorce case, in April, 1955; that she then stated, in court, that defendant only offered her the truck in settlement, that such offer was not acceptable. However, in the instant trial, she stated that defendant never made an acceptable offer until he offered the truck the night of October 28, which offer she fully accepted.

Defendant testified to the effect that he instituted suit for divorce in Kansas City but dismissed it on advice of counsel and filed in Holt County; that the parties discussed property settlement "off and on"; but that they did not come to any agreement; that he referred plaintiff to his attorney, Mr. Pettijohn, for further discussion; that on the night of October 28 plaintiff rode to Oregon with him from Craig; that his attorney had told him that the case would not be tried next day; that he did not tell her not to employ counsel or that he would settle with her "right"; that he told her, on the trip to Oregon, that he would give her the dump truck; that he offered it to her "just to get rid of her"; that she refused to accept the truck in settlement.

Mr. Pettijohn, attorney for defendant, testified to the effect that plaintiff repeatedly discussed property settlement with him, but that no agreement was ever reached; that she finally flatly refused to accept the truck; that, the first time she came to see him, he told her that her "answer time had passed" in the divorce matter; that she told him she didn't care whether defendant got a divorce or didn't get one. He identified a letter, written to him by an Omaha attorney, authorized by plaintiff to act for her, dated November 19, 1954, in which the following appears: "She desires to contest the case, and since she cannot arrive at a reasonable settlement with her husband that must be done at once."

Mrs. Asher, circuit clerk, stated that someone talked to her by telephone for plaintiff, on the morning of October 25; that witness told her that she was in default and should consult her attorney about the divorce case.

Mrs. Kee, secretary for defendant's attorney, stated that plaintiff talked to her by telephone October 29 and witness told her there had been no court that day, that the divorce case would be heard at the next day of court.

■ Plaintiff insists that the divorce judgment should be set aside because it was obtained through fraud or mistake. From the undisputed evidence here it ap-

pears that plaintiff did not care whether or not defendant obtained a decree of divorce. She admitted in her testimony here that she told defendant's attorney that she didn't care. Having been served with process, and having made the above admission in open court, it is difficult to believe that the decree was procured through fraud or mistake. Furthermore, she filed a motion to set aside the decree but, after testimony was heard, dismissed it. A final judgment should not be set aside in equity under the facts shown here. Curtiss v. Bell, 131 Mo. App. 245, 251, 111 S.W. 131; Holcomb v. Mays, 202 Mo.App. 167, 215 S.W. 771, 774; Woodmen Accident Company v. Martin, Mo.App., 215 S.W. 775, 777.

■ Whether plaintiff is entitled to the relief prayed in the second count of the petition, specific performance of the alleged contract depends, first, on whether the evidence established the existence and terms of the contract by that high degree of proof which has been referred to as "clear," "clear and convincing." Hackbarth v. Gibstine, Mo.App., 182 S.W.2d 113, 118. To justify the remedy of specific performance of a parol contract, the evidence of which is denied, "There must be a certainty in the proof beyond a reasonable doubt, and certainty in the pleadings, and from end to end no equivocation in the case." Kirk v. Middlebrook, 201 Mo. 245, 289, 100 S.W. 450.

■ The proof of the alleged parol contract to give plaintiff the truck as her property, is far from clear and convincing; and the evidence certainly falls far short of constituting proof *beyond a reasonable doubt*. After she learned that a decree of · divorce had been granted to defendant, plaintiff's attorney wrote a letter wherein it was stated, in effect, that no property settlement had been reached between plaintiff and defendant; and, long after the decree had been entered, plaintiff stated in her testimony, given at the hearing on her motion to set aside the decree, that she did not accept defendant's offer to give her the truck. At the instant trial she attempted to explain away the effect of that testimony by stating that she meant, in her former testimony, that she failed to accept defendant's offer to give her the truck *until the night before the divorce case* was set for trial. But the explanation comes too late to clear the cloud of doubt regarding the unqualified acceptance of defendant's offer. In view of her unequivocal statement, made under oath months prior to this trial, and in view of what was said in a letter written some two weeks after she *now* claims to have fully accepted the offer, we cannot say that the proof here is so convincing as to justify the remedy of specific performance.

The judgment should be affirmed.

BOUR, C., concurs.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the court. The judgment is affirmed.

BROADDUS, P. J., and CAVE, J., concur.

MAUGHMER, Special Judge, not sitting.