**Virgil F. COLLEY and Imogene W. Colley, Plaintiffs-Appellants,**

v.

**COMMERCIAL CREDIT EQUIPMENT CORPORATION, Defendant-Respondent.**

**No. KCD 27658.**

Missouri Court of Appeals, Kansas City District.

April 3, 1978.

Motion for Rehearing and/or Transfer Denied May 1, 1978.

Application to Transfer Denied June 15, 1978.

Howard D. Lay, Donaldson & Lay, Kansas City, for plaintiffs-appellants.

James W. Benjamin, John C. Cozad, Rogers, Field, Gentry, Benjamin & Robertson, Kansas City, for defendant-respondent.

Before WELBORN, Special Judge, Presiding, SHANGLER, J., and HIGGINS, Special Judge.

ANDREW JACKSON HIGGINS, Special Judge.

Action by Virgil F. Colley, Count I, and by Imogene W. Colley, Count II, for actual and punitive damages for wrongful execution on judgment subsequently declared void. Appeal from summary judgment of dismissal. The question is whether this action for damages has been extinguished by restitution in the course of other litigation between the parties. Affirmed.

On October 7, 1963, and on May 8, 1964, Virgil F. and Imogene W. Colley executed documents for the lease from Commercial Credit Equipment Corporation of specified items of machinery and equipment to be used and installed on their farm in Clinton County. In 1966, in Clinton County Circuit Court Number C4936, CCEC sued Mr. and Mrs. Colley to recover balances due on the leases; Mr. and Mrs. Colley answered and counterclaimed for damages for fraud and misrepresentation in creation of the leases.

On May 8, 1969, cause C4936 came on for hearing on motion of CCEC for summary judgment. Mr. and Mrs. Colley, asserting knowledge and information of prejudice obtained May 8, 1969, moved for disqualification of the judge, the Honorable John M. Yeaman. The court denied the application for change of judge; sustained the motion for summary judgment in favor of CCEC, and then disqualified himself. Defendants, without benefit of supersedeas bond, took an appeal which was dismissed by the Supreme Court April 13, 1970, for failure to file a transcript.

On May 8, 1970, CCEC caused execution to issue on the summary judgment of May 8, 1969, in C4936. On June 17, 1970, Mr. and Mrs. Colley moved to quash or stay the execution on the ground the court, Judge Yeaman, was without jurisdiction to enter the summary judgment of May 8, 1969. The motion to quash came on for hearing September 25, 1970, and was overruled by the court, the Honorable Frank D. Connett, Jr. Defendants, again without filing supersedeas bond, appealed to the Missouri Court of Appeals, Kansas City District.

On November 19, 1970, execution was accomplished, and Mr. and Mrs. Colley were caused to, and did on January 5, 1971, pay the judgment in C4936, together with interest, costs and commission.

On October 2, 1972, the court of appeals held the trial court, Judge Yeaman, was without jurisdiction to enter the summary judgment of May 8, 1969, and that the motion to quash or stay execution on the judgment thus void should have been sustained by Judge Connett. Accordingly, the cause, C4936, was "remanded to the trial

court with directions to set aside the order and judgment [of May 8, 1969] granting the plaintiff summary judgment and reinstate the cause on the trial docket." *Commercial Credit Equipment Corp. v. Colley*, 485 S.W.2d 625, 628 (Mo.App.1972). (*CCEC v. Colley I.*)

On October 19, 1972, Mr. and Mrs. Colley filed, in C4936, their Motion to Follow Court of Appeals Opinion, For Restitution and to Recover Costs of Successful Appeal. The motion came on for hearing December 8, 1972. The court, the Honorable William H. Kimberlin, sustained the motion and ordered CCEC to make restitution of all monies received by it by reason of execution and levy enforcing the previous void judgment with interest since January 5, 1972, together with refund of court costs incurred by defendants on their successful appeal. Mr. and Mrs. Colley acknowledged restitution in full December 21, 1972.

On January 23, 1973, CCEC obtained a change of venue of cause C4936 from Clinton County to Buchanan County.

On October 23 and February 7, 1974, Mr. and Mrs. Colley filed first and second amended answers and counterclaims in which they denied plaintiff's right to recover on the leases and asserted fraud and misrepresentation in the procurement of the leases.

On February 13, 1974, the cause came on for retrial. Counts I and II of plaintiff's petition and Counts I and II and defendants' answer and counterclaim raised the question whether the agreements in issue were leases as contended by CCEC or conditional sales as contended by Mr. and Mrs. Colley. The court found them to be conditional sales and directed a verdict for Mr. & Mrs. Colley on Counts I and II of plaintiff's petition and Counts I and II of their counterclaim. Mr. and Mrs. Colley had jury verdict for $16,000 on Count III of their counterclaim for actual and punitive damages for fraud. Judgment was entered pursuant to the directed and jury verdicts and CCEC appealed. On August 30, 1976 (rehearing denied October 12, 1976), the court of appeals held that the instruments in question were leases as contended by CCEC and not subject to provisions of the Conditional Sales Act; and that CCEC did not preserve any error with respect to the judgment for Mr. and Mrs. Colley on their counterclaim for damages. Accordingly, the judgment for Mr. and Mrs. Colley on their counterclaim was affirmed; the judgment against plaintiff for recovery of balances due on the leases was reversed, and the cause was remanded. *Commercial Credit Equipment Corp. v. Colley*, 542 S.W.2d 329 (Mo.App.1976). (*CCEC v. Colley II.*)

On February 21, 1974, Mr. and Mrs. Colley filed this present separate action against CCEC in the Circuit Court of Jackson County alleging actual damages by way of attorney's fees in attempting to quash the execution, prosecuting appeals and obtaining restitution, and punitive damages for physical and mental anguish, loss of standing and humiliation as a result of the execution on the void judgment.

On June 15, 1974, Mr. and Mrs. Colley moved for summary judgment on the issue of liability; and on July 29, 1974, CCEC moved for summary judgment and dismissal on various theories upon which defendant would have no further liability to plaintiffs for damages as a result of the prior void judgment.

The trial court gave no reasons in support of its summary judgment for defendant and dismissal of plaintiffs' action.

Appellants contend the court erred asserting their action for damages is separate and not part of nor affected by the prior proceedings for restitution following the void judgment. They argue that their restitution flowed from the mandate of the Court of Appeals in *CCEC v. Colley I*, and their right to restitution did not provide a forum or remedy to recover for their collection of an illegal summary judgment.

The foregoing places this case in posture with *Pankey v. Welker*, 238 S.W.2d 915 (Mo.App.1951). Mr. and Mrs. Welker had a money judgment against Mrs. Pankey. Mrs. Pankey, without supersedeas, appeal-

ed; the Welkers caused execution to issue, and real estate belonging to Mrs. Pankey was sold to satisfy the execution. Subsequently, in *Welker v. Pankey*, 225 S.W.2d 505 (Mo.App.1949), the Welkers' judgment against Mrs. Pankey was reversed and the cause was remanded by mandate which, among other things, directed that Mrs. Pankey " 'be restored to all things she has lost by reason of the said judgment.' " 238 S.W.2d l.c. 916. Thereafter, Mrs. Pankey filed a motion for restitution to restore her to her pretrial status in accordance with the mandate of the court of appeals. The court sustained her motion and ordered restitution in sum $1,250.71. The Welkers did not comply with the order of restitution; Mrs. Pankey then sued them in a separate action for damages in sum $2,000 occasioned by their sale of her real estate pending her appeal of their judgment against her. The Welkers successfully moved to dismiss this separate suit filed by Mrs. Pankey on the theory that the order of restitution was a bar to the present independent action for damages. The dismissal was affirmed because " '[t]he decision of the motion for restitution is in the nature of a judgment, * * * it could have been enforced by execution. * * * There is no doubt that the result of a litigation which takes the form of a motion may constitute a bar to another action involving the same question. * * * That in the first instance the plaintiff had a right of either form of action [motion or independent action] cannot be doubted * * * but, having elected to resort to its motion, it is bound by the decision thereon.' " 238 S.W.2d l.c. 917–918.

Appellants cite authorities, e. g., 5 Am. Jur.2d Appeal and Error, § 1003 et seq.; *Lucas v. Lamb*, 348 Mo. 900, 156 S.W.2d 634 (1941); *De Mayo v. Lyons*, 360 Mo. 512, 228 S.W.2d 691 (1950); *Brown v. Curtiss*, 155 Mo.App. 376, 137 S.W. 24 (1911), to effect that damages resulting from harm to reputation and occupation, on execution process, and those of a similar nature, are generally outside the scope of recovery in an action for restitution, to support their contention that their right to restitution did not provide a forum or remedy to recovery for their attorney's fees and for their vexation.

Mr. and Mrs. Colley elected to seek restitution in the original action in redress of a wrongful execution as opposed to an action for damages for redress of a wrongful execution, and any such action for damages was thus barred. *Pankey v. Welker*, supra. They could have elected to make the broader claim now asserted in which case it would have been a compulsory counterclaim under Rule 55.32. *Cantrell v. City of Caruthersville*, 359 Mo. 282, 221 S.W.2d 471 (1949). To permit the Colleys to assert the subsequent Jackson County claim in this context would be to permit "piecemeal submission" of the Colleys' claims and "defeat the purpose" of the rule. *Shepherd v. Wommack*, 257 S.W.2d 172, 175 (Mo.App. 1953).

Judgment affirmed. All concur.