WILLIAM W. BOILLOT, RESPONDENT, v. INCOME GUARANTY COMPANY, A CORPORATION, APPELLANT.—120 S. W. (2d) 74.

Kansas City Court of Appeals. May 23, 1938.

*Davis & Davis* and *C. W. Armstrong* for appellant.

302

*Boillot & Teters* and *Irwin, Bushman & Buchanan* for respondent.

SPERRY, C.—This is the third suit between the same parties, based on the same contract. In the first suit (83 S. W. (2d) 219) plaintiff recovered total disability indemnities for the period ending January 11, 1933; in the second suit (102 S. W. (2d) 132) plaintiff recovered for the period January 11, 1933, to September 11, 1935. In

the present suit recovery was sought and obtained for the period September 11, 1935, to January 11, 1936.

The questions of fact concerning disability and the issues of law in the case at bar are the same as the questions and issues presented to the second suit. Hence, a restatement of the facts would be useless.

The defendant argues "that when this Court in the second suit, the Sullivan county suit, said the first suit was *res judicata* of Mr. Boillot's disability on the latter suit—or for any other period of time —this Court went outside the issues and made a ruling it did not have authority or power to do. If that is correct, that ruling of this Court was void, has no force anywhere, and can be attacked in this or any other proceeding, collaterally or otherwise."

The court in determining the second suit did not go "oustide the issues" as the opinion clearly shows. In speaking of the first suit, the record of which was introduced in the trial of the second suit, this court said:

"That the plaintiff's disability was total and continuous because of the loss of the part of his hand was determined in the former suit; and, since it was so determined in that suit that the loss of the part of the hand created total disability, it is *res adjudicata* in this suit that the loss of the same member is total disability; and, that such disability is continuous and permanent, the court will take judicial notice. The court must take judicial notice of the fact that a member of the body being completely severed is lost forever."

Defendant further says it had the right to rebut plaintiff's evidence showing he was unable to tune a piano. If it be true defendant had the right to rebut the proof of plaintiff, it is equally true it utterly failed to exercise that right; it did not offer any evidence except a letter from the insurance department of Missouri concerning the filing of its form of policy.

The defendant asks that we "re-examine and explore" the opinion of this court in the second suit. That opinion is sound law and we adhere to it. From which it follows defendant, on this record, has no defense.

The plaintiff asks we affirm the judgment and award damages of ten per cent of the amount of the judgment under the provisions of section 1064, Revised Statutes 1929.

The penalty should be awarded if it clearly and unmistakably appears the appeal was unwarranted.

The undisputed evidence shows that after the second suit was brought defendant's claim adjuster told plaintiff that the defendant would not have paid the $600 and hospital charge, evidently the amount involved in the first suit, even if it had known it was liable therefor, because in order to make such payment it would have to sell some of its securities which were then below par "and they had

made money by litigating the matter; . . . he said 'we are going to have a big lawsuit about this business and it will be money in your pocket to accept $2500.' He said, 'in the future suit I would have to employ attorneys and by time I paid them, I wouldn't have anything left; I would be far better off to take the $2500.' ''

In the first suit defendant was adjudged to pay penalties for vexatious refusal to pay plaintiff's claim.

In the second suit it was adjudged to have no defense. That opinion was handed down February 1, 1937; motion for rehearing overruled March 1, 1937; and *certiorari* denied by the Supreme Court May 6, 1937.

The judgment in the present case was rendered May 22, 1937; appeal allowed June 5, 1937, and short form transcript filed August 12, 1937. Thus it appears the appeal has been prosecuted since the defendant has been judicially advised it should pay, not litigate. In such circumstances we hold the penalty should be awarded.

Therefore, it is ordered the judgment be affirmed and, in addition thereto, plaintiff have and recover from the defendant the sum of $67.57, being ten per cent of the amount of the judgment.

*Campbell, C.*, concurs.

PER CURIAM:—The foregoing opinion of SPERRY, C., is adopted as the opinion of the court. It is ordered the judgment be affirmed and, in addition thereto, plaintiff have and recover from the defendant the sum of $67.57, being ten per cent of the amount of the judgment. All concur.