Ray B. Lucas, Superintendent of the Insurance Department of the State of Missouri, Appellant, v. Gilbert Lamb.—156 S. W. (2d) 634.

Division One, July 8, 1941.

Rehearing Denied, October 30, 1941.

Motion to Transfer to Banc Overruled, December 12, 1941.

*Roy McKittrick*, Attorney General, *Covell R. Hewitt* and *Harry H. Kay*, Assistant Attorneys General, for appellant; *Charles L. Henson* of counsel.

*Gilbert Lamb, pro se.*

904

CLARK, J.—This case grows out of insurance litigation which has engaged the attention of courts of this State for nearly twenty years. There are two branches of this litigation commonly known as the 10 per cent cases and the 16⅔ per cent cases. The instant

case was brought in the circuit court of Osage County by the present Superintendent of Insurance to recover the sum of $14,510, paid to defendant under orders of the circuit court of Cole County in one of the 10 per cent cases. Judgment was for defendant and plaintiff has appealed.

The facts are not disputed and, in brief, are as follows: in 1922 the then Superintendent of Insurance made an order for a ten per cent reduction in insurance rates. Certain companies resisted this order in the circuit court and on appeal in this court where the reduction order was finally upheld in 1926 in Aetna Ins. Co. v. Hyde, 315 Mo. 113, 285 S. W. 65, and later by the Supreme Court of the United States in 275 U. S. 440, 48 Sup. Ct. 174.

The companies collected the old rates until August 8, 1929; after which they made partial refunds to policyholders. In 1930 the Superintendent filed a motion in this court, claiming that the companies had not made complete restitution and asking this court to compel restitution and collect and administer the fund. We denied the motion. [327 Mo. 115, 34 S. W. (2d) 85.] The Superintendent then filed a similar motion in the circuit court which was sustained in 1933. Some of the companies then filed suit in this court asking us to prohibit the circuit court from proceeding further. We held that the circuit court had jurisdiction to compel restitution and to appoint not to exceed three referees, but that the court had exceeded its jurisdiction in certain particulars. [State ex rel. Abeille v. Sevier, 335 Mo. 269, 73 S. W. (2d) 361.] Thereafter the circuit court appointed L. H. Cook and H. P. Lauf as referees to conduct hearings and to collect and administer the fund. Later the court appointed Mr. Lamb (respondent in the instant case) as attorney for the referees and, from time to time, made orders for the deposit of the fund in a bank, for certain disbursements, and for monthly compensation to the referees and attorney. On March 3, 1936, the court allowed additional compensation to the referees and allowed Mr. Lamb the additional sum of $20,000. The Superintendent appealed from this order. We held the order void; that the court did not have jurisdiction to administer the fund, but same should be delivered to the Superintendent for distribution to the policyholders as provided by Section 5874, Revised Statutes 1929, Mo. Stat. Ann., sec. 5874, p. 4482; that the court had jurisdiction to appoint Cook and Lauf as referees, but not as custodians of the fund; that the compensation of the referees should have been taxed as costs of litigation; and that the court was without power to appoint an attorney for the referees or to pay such attorney out of the fund. [Aetna Ins. Co. v. O'Malley, 342 Mo. 800, 118 S. W. (2d) 3.]

In the present suit the Superintendent seeks to recover the aggregate amount of monthly payments received by respondent as attorney for the referees under the orders above mentioned.

On this appeal both parties contend that equitable defenses set up in respondent's answer have converted this action into a case in equity. Whether or not this is so is immaterial, for the facts are undisputed and only questions of law are presented.

Respondent contends that the circuit court of Osage County was without jurisdiction to entertain the cause; that if the Superintendent is entitled to recover he must do so by motion in the original case in the circuit court of Cole County. On this point respondent cites a number of cases, only one of which is discussed in the argument portion of his brief, to-wit: Gregory v. Bank (Mass.), 50 N. E. 520. There money had been deposited in a national bank under orders of a Federal Court. The Supreme Court of Massachusetts held that such money could not be recovered in an independent action in a state court. The decision is based entirely on certain statutes of the United States and furnishes no precedent for the instant case. Likewise the other cases cited by respondent are not in point. We concede that when a court has jurisdiction to administer a fund, such jurisdiction is exclusive. Also where money has wrongfully been paid out by order of a court, the same may be recovered from those who are unjustly enriched thereby by appropriate proceedings in the same court, but it does not follow that recovery may be had in that court only. Suppose a case where the person from whom recovery is sought is beyond the territorial jurisdiction of the court which ordered the disbursement. Would it be held that recovery could not be had by an independent action in the proper court? The Supreme Court of the United States answered that question in Ex parte Morris, 9 Wallace, 605, 19 L. Ed. 799, saying: "McCrosky being beyond the reach of the court, no order can be made in relation to him. He will be amenable to a suit at law wherever he may be found."

We have heretofore held that the circuit court of Cole County was without jurisdiction to administer this fund or to order disbursements therefrom. We have also held that the Superintendent of Insurance is the lawful custodian of the fund and the unexpended portion thereof is now in his possession. It seems clear, and we so hold, that the circuit court of Osage County had jurisdiction of the instant suit. [2 R. C. L. 297, and cases above mentioned.]

By the majority opinion in Aetna Ins. Co. v. O'Malley, 342 Mo. 800, 118 S. W. (2d) 3, this court held that the circuit court of Cole County had no power to appoint respondent as attorney or allow him compensation. It would seem to follow that respondent can be compelled to return the compensation which he has already received. Respondent says that we should overrule our opinion in that case, but the reasons given by him now were considered by this court then. Respondent's contention that the Superintendent should be estopped, by reason of having received the benefit of respondent's services, was denied by both the majority and minority opinions in the case last mentioned.

■ Respondent says that a certain portion of the excess premiums was collected by the insurance companies prior to June 25, 1923, the effective date of Section 5874, Revised Statutes 1929, and that as to the portion so collected that statute does not apply.

In the case last mentioned we held that this section is a procedural statute and governs the administration of the fund from its effective date. The fund in question did not come into existence until many years after the effective date of the statute. At the time Messrs. Cook and Lauf were appointed the statute was in full force and provided for the distribution of the fund by the Superintendent and not by custodians appointed by the court.

■ The record shows that more than $800,000 was collected by Cook and Lauf as interest on the excess premiums for the time such excess was retained by the companies; also that Cook and Lauf collected from the companies the sum of $200,000 over and above the amount of excess premiums and interest found to be due from them. Respondent says that a proper construction of Section 5874, supra, did not require that this interest and this additional sum be turned over to the Superintendent and that the administration of such portions of the fund was within the court's jurisdiction and chargeable with respondent's compensation.

Of course, the interest collected is governed by the same principles that apply to the excess premiums refunded by the companies. All this money was collected for the benefit of the policyholders and, if the Superintendent is the lawful custodian of the principal sum, he is also the custodian of the interest. That also applies to the additional sum of $200,000, judgment for which was rendered to cover possible errors and omissions in the amounts found to be due from the companies.

In principle, every point made by respondent has been decided adversely to his contention in Aetna Ins. Co. v. O'Malley, 342 Mo. 800, 118 S. W. (2d) 3, and many later cases. [See also State ex rel. Robertson v. Sevier, 345 Mo. 274, 132 S. W. (2d) 961.] Unless we overrule or modify those decisions, which we decline to do, we are compelled to reverse the judgment in favor of respondent in the instant case.

■ The record shows that respondent rendered diligent and valuable services, and incurred expense; that his efforts contributed to the collection of a much larger sum for the benefit of the policyholders, or of the State, than might otherwise have been recovered. However, for the reasons stated, we are unable to permit him to retain compensation out of the fund collected. If, as contended by respondent, the State shall become the ultimate beneficiary of a ■ part of this fund, the question of respondent's reimbursement may be addressed to the General Assembly.

908

Accordingly, the judgment is hereby reversed and the cause remanded with directions to the trial court to enter a judgment in favor of appellant and against respondent for the amount sued for, with simple interest at six per cent per annum from the date of the institution of the suit and for costs. All concur.