BESSIE DEMAYO ET AL., Executors of the Estate of FRANK DEMAYO, SR., Deceased, Respondents, v. LEONARD A. LYONS ET AL., Appellants, No. 41504—228 S. W. (2d) 691.

Division One, April 10, 1950.

Motion to Modify Opinion or to Clarify Overruled and Motion for Rehearing or to Transfer to Banc Overruled, May 8, 1950.

*Lillie Knight* and *Walter A. Raymond* for appellants.

*Walter W. Calvin* and *Marion D. Waltner* for respondents.

514

ASCHEMEYER, C.—This appeal is from an order of the Circuit Court of Jackson County, Missouri, denying appellants' motion for an order of restitution in accordance with a mandate of this Court issued in DeMayo v. Lyons, 358 Mo. 646, 216 S. W. (2d) 436, where this Court reversed a judgment in favor of Frank DeMayo (plaintiff—now deceased) and against appellants (defendants). Appellants contend that a judgment for $33,669.69

should have been entered in their favor upon the motion for restitution.

The case originated as a suit for an accounting upon a partnership for the purchase and sale of whiskey. A judgment in plaintiff's favor for $22,004.09 was reversed by this Court on the ground that the contract between the parties was illegal and void since they were engaged in the business of selling intoxicating liquors without a license in violation of law. The facts relating to the transaction are more fully stated in the opinion of this Court upon the first appeal. DeMayo v. Lyons, supra.

The first appeal was taken without supersedeas bond so that there was no stay of execution upon the judgment in plaintiff's favor. (Laws 1943, p. 392, Sec. 132; Mo. R. S. A. § 847.132.) While the appeal was pending, the plaintiff caused an execution to be issued and placed in the hands of the Sheriff of Jackson County, Missouri. Upon writ of garnishment issued in aid of the execution, the Commerce Trust Company of Kansas City delivered to the Sheriff Warehouse Receipt No. 2602 issued by the Adams Transfer and Storage Company to Ann Lyons, one of the appellants, for 853 cases of whiskey. Upon direction of the Sheriff, the warehouse company issued two warehouse receipts in lieu of receipt No. 2602. Receipt No. 2713, covering one-half of the whiskey, was issued in the name of plaintiff and delivered to him. Receipt No. 2714, covering the remaining one-half of the whiskey, was issued in the name of Leonard A. Lyons, one of the appellants. Acting under a general execution issued against Leonard A. Lyons, the Sheriff advertised and sold the whiskey covered by receipt No. 2714 to plaintiff, who bid it in for $13,000.00. Subsequently, all of the whiskey covered by receipts Nos. 2713 and 2714 was withdrawn by plaintiff or persons to whom he had sold various quantities.

The foregoing facts were shown by appellants in support of their motion for restitution. Appellants' evidence also showed that plaintiff had sold all but a small quantity of the whiskey obtained by him upon the execution and Sheriff's sale and that he had received $25,987.00 upon such sales.

The judgment of this Court rendered upon the first appeal, reversing the judgment in plaintiff's favor, provided, in part, "that the said appellants be restored to all things which they have lost by reason of the said judgment." A certified copy of the judgment of reversal was, of course, incorporated in the mandate transmitted to the trial court. After the mandate had been lodged in the trial court, appellants filed their motion for an order of restitution seeking to be restored to all things they had lost under the reversed judgment.

In denying the motion for restitution, the trial judge stated that restitution was not a matter of right but, rather, one within the discretion of the Court so that it ought to be denied in view of the

decision of this Court holding the contract between the parties to be illegal and void. The Court reasoned that the relief of restitution ought not to be granted appellants because "the law will leave transgressors, in the circumstances, where they place themselves." This is essentially the position taken by respondents upon this appeal since respondents argue that restitution was properly denied because: (1) appellants are not entitled to any relief under the partnership contract which was held to be illegal and void, and (2) in any event, after the reversal of the prior judgment, the trial court was vested with discretion which it exercised properly in denying restitution.

The general rule is that, upon reversal of a judgment against him, the appellant is entitled to restitution from the respondent of all benefits acquired under the erroneous judgment during the pendency of an appeal. This rule has been followed in Missouri in many decisions. Restatement, Restitution, § 74; Freeman on Judgments, 5th Ed., § 1168, p. 2419; State ex █ rel. Abeille Fire Ins. Co. v. Sevier, 335 Mo. 269, 73 S. W. (2d) 361, 366; Aetna Ins. Co. v. Hyde, 327 Mo. 115, 34 S. W. (2d) 85, 88 and cases cited; Chicago Herald Co. v. Bryan, 195 Mo. 590, 596, 92 S. W. 906; Hurst Automatic Switch & Signal Co. v. Trust Co., 291 Mo. 54, 236 S. W. 58, 60; Warren v. Order of Railway Conductors of America, 199 Mo. App. 200, 201 S. W. 368; Colburn v. Yantis, 176 Mo. 670, 75 S. W. 653, 657. The right to restitution exists even though it is not expressly ordered by the appellate court upon the reversal of an erroneous judgment and a motion for restitution is a proper method of obtaining such relief in the trial court. State ex rel. Abeille Fire Ins. Co., supra; Aetna Ins. Co. v. Hyde, supra; Hurst Automatic Switch & Signal Co., supra; Colburn v. Yantis, supra.

Respondents argue that the Missouri decisions have not recognized the right to restitution in a case where the appellant, who seeks such relief, is a party to an illegal contract which is void and contrary to public policy. It should be apparent that appellants are not seeking relief under the contract which was held to be void. The motion for restitution is not an action to recover upon such contract. It is an effort to be restored to those things which plaintiff had taken from them under an erroneous judgment of the trial court. The benefits secured by plaintiff under this judgment were obtained by execution. The process of the Court, issued under an erroneous judgment, was used to take property from the appellants and turn it over to plaintiff. The power and duty of the trial court to grant restitution under these circumstances is inherent and " is substantially the same which it exercises when its own process has been abused." State ex rel. Abeille Fire Ins. Co. v. Sevier, supra, quoting with approval from Flemings v. Riddick's Ex'r, 5 Grat. (Va.) 272, 50 Am. Dec. 119. The trial court should grant restitution "without

reference to the peculiar nature of the controversy which it had erroneously determined.'' 2 R. C. L. 296, 297; Aetna Ins. Co. v. Hyde, supra; Flemings v. Riddick's Ex'r, supra. An appellant is entitled to restitution even though he is under a moral duty or obligation to make the payment which an erroneous judgment has attempted to coerce. Restatement, Restitution, § 74 c. (Illustration 6.)

Respondents cite two cases in support of their contention that the trial court had discretion to refuse restitution to appellants. Neither of them are applicable. In Teasdale v. Stoller, 133 Mo. 645, 34 S. W. 873, the Court held that plaintiff had voluntarily paid a judgment pending an appeal.. When the judgment was reversed, plaintiff brought an action for money had and received to recover back his payment. It was held that, since the payment was voluntary, plaintiff could not recover unless he showed that he was equitably entitled to the repayment. In Baldwin v. Scott County Milling Co., 343 Mo. 915, 122 S. W. (2d) 890, the Trustees of the Missouri Pacific Railroad Company sought to recover back an amount paid to the Milling Company by reason of an award of reparation made by the Interstate Commerce Commission in favor of the Milling Company. The award of the Interstate Commerce Commission was not self-enforcing. We held that the ''payment was voluntarily made with full knowledge of the facts and without fraud or duress. One who voluntarily pays money with full knowledge of all the facts in the case * * * cannot recover it back.'' As a matter of fact, Baldwin v. Scott County Milling Co. was reversed by the Supreme Court of the United States. See 307 U. S. 478, 59 S. Ct. 943, 83 L. Ed. 1409. It is manifestly absurb to suggest that appellants voluntarily turned over to plaintiff property which was taken from them by the Sheriff under an execution issued upon a judgment which we later held to be a nullity.

As a matter of fact, the mandate of this Court issued on the judgment of reversal (DeMayo v. Lyons, supra) directed the circuit court to award restitution to appellants. In State ex rel. Abeille Fire Ins. Co. v. Sevier, 335 Mo. 269, 73 S. W. (2d) 361, 367, we said:

''* * * The recitation in the mandate that appellant be restored to all things which he had lost by reason of said judgment amounts, in effect, to a specific direction to the circuit court to award restitution. Otherwise why adjudge that restitution be made; and why inform the circuit court by mandate that appellant be restored to his former position? It was the duty of the circuit court to carry our mandate into effect. It could not perform that duty except by awarding restitution to appellant, because both our judgment and our mandate provide that such restitution be made.''

The circuit court was under a duty to obey the mandate of this Court and to conform to the judgment of this Court. It had no discretion to refuse to grant appellants restitution against respondents in accordance with the facts established upon the motion for restitution and its judgment denying restitution is erroneous. Gary Realty Co. v. Swinney, 317 Mo. 687, 297 S. W. 43; Prasse v. Prasse, 342 Mo. 388, 115 S. W. (2d) 807.

According to the evidence, the whiskey disposed of by plaintiff was sold at prices at least equal to the fair market value thereof. Upon a retrial of their motion for restitution, appellants are entitled to recover the amount realized by plaintiff upon various sales of the whiskey obtained under execution, together with the reasonable market value of the whiskey as to which a sale by him is not established, and to the payment of interest upon the amount so established from the date of levy under the execution issued by the circuit court. They are also entitled to the repayment of all taxable costs paid by them upon the original trial, upon the first appeal, and upon this appeal. Colburn v. Yantis, supra; Hurst Automatic Switch & Signal Co. v. Trust Co., supra.

The judgment of the circuit court of Jackson County is reversed and the cause is remanded to that court with directions to enter judgment in accordance with this opinion in favor of appellants and against respondents upon appellants' motion for an order of restitution. *Van Osdol* and *Lozier, CC.,* concur.

PER CURIAM:—The foregoing opinion by ASCHEMEYER, C., is adopted as the opinion of the court. All the judges concur.