**BARKER v. LEGGETT et al.**

No. 422.

United States District Court
W. D. Missouri, Central Division.
Sept. 5, 1951.

Walter A. Raymond, Kansas City, Mo., Wm. H. Becker, Robert L. Howard, Columbia, Mo., for plaintiff.

John H. Taylor, Atty. Gen. of Missouri, Harry H. Kay, Asst. Atty. Gen. of Missouri, for defendants.

Before 'COLLET, Circuit Judge, and DUNCAN, and RIDGE, · District Judges.

PER CURIAM.

· On three occasions, the Supreme Court of the State of Missouri, construing statutes of that State, has ruled that plaintiff, his · associates, and others who were claiming attorneys' fees and expenses to be a lien upon, and payable out of, the insurance restitution fund referred to in the complaint, had no lien thereon and were not entitled to be paid out of such fund.

In Aetna Insurance Co. v. O'Malley, 1938, 343 Mo. 1232, 124 S.W.2d 1164, 1168, that Court specifically rejected the claim of plaintiff that he was entitled to a lien on said fund for attorney's fees, on the ground that the general equity principles and terms of his contract of employment, which plaintiff there asserted entitled him to share in the fund, had been "superseded" by statute, in effect· when he· was employed, which directed that· the fund be "turned over to the policyholders pro rata", and that, as a consequence of said statute, that portion of plaintiff's contract of employment that provided for payment of attorney's fees from said fund was illegal.

· Subsequent to the ruling so made, the Legislature of the State of Missouri enacted the escheat statute referred to in the complaint. RSMo 1949, § 379.395, V.A.M.S. After enactment thereof, which provided that the residue of the insurance restitution fund escheat to the State, after payment of claims, plaintiff again sought to have attorney's fees allowed and paid to him

out of said fund, as a "claimant" under that statute. The Supreme Court of Missouri held, that said fund belonging to "policyholders" under the Insurance Code of Missouri, RSMo 1949, § 379.390, V.A.M.S., only policyholders were proper claimants thereunder, and denied the claim of plaintiff and his associates, so made. Weatherby v. Jackson, 1948, 358 Mo. 542, 215 S.W.2d 742.

The gist of the instant action is that the escheat statute, Escheat Act of 1941, Sec. 5985a, Laws of Missouri, 1941, page 397, now RSMo 1949, § 379.395, V.A.M.S., as enacted by the Legislature of Missouri, and as construed by the Supreme Court of that State in Weatherby's case, supra, violates plaintiff's contract and property rights under Article 1, Sec. 10, cl. 1, of the Federal Constitution, and that he has also been denied rights under the equal protection clause of the Fourteenth Amendment thereto, all as more fully set forth in the complaint. The theory of recovery asserted by plaintiff is stated by him as follows: "During the time when it was undetermined whether all, or how much, of the fund could be returned to policyholders, this *pro-rata* provision of the statute, as interpreted by the Missouri Supreme Court, prevented the carrying out of that part of the valid contract which called for payment of reasonable attorney's fees, as fixed by the Court, out of the fund. When it became clear that there would be a large sum returnable because policyholders with rightful claims thereto could not be found, then as to this undistributable residue, this obstacle to the carrying out of that part of the valid employment contract calling for payment of said reasonable attorney's fees * * * no longer existed. In like manner, the basis for denying application of the admitted equitable principles ceased to exist. At that point, the attorneys, parties to admittedly valid contracts calling for payment for reasonable attorney's fees out of the fund, became entitled under that contract, to have their claims allowed out of this undistributable residue to which no policyholders could be found with a valid claim." Plff's Brief on Motion to Dismiss, p. 8.

The denial to plaintiff of the alleged right to have attorney's fees due and owing to him to be now paid out of the "undistributable portion of the insurance restitution fund," is the sole basis for the constitutional propositions here raised by him. That such contention does not present a substantial constitutional question that would authorize this Court to grant the relief here prayed, is manifest to us from the following considerations.

(a) The 1938 decision of the Supreme Court of Missouri, 124 S.W.2d 1164, which held that that portion of his contract of employment by the Superintendent of the Insurance Department of the State of Missouri, providing that attorney's fees to be paid plaintiff should be fixed by the Court, and paid out of the fund, was illegal, in violation of a statute of the State; and, that any equitable right asserted by plaintiff, to be paid from the fund, was superseded by statute, is not, and cannot here be challenged by plaintiff. That decision is binding upon us.

(b) It is there also ruled that said fund belonged to policyholders and should be returned to them unimpaired by any claim of plaintiff and his associates.

(c) The enactment of the Escheat Statute, supra, did not fracture the title of the policyholders to the fund in question so found to be resident in them by the Supreme Court of Missouri, so as to make the State of Missouri a new direct beneficiary of the undistributable portion thereof, distinct from the policyholders.

(d) When the State takes property by escheat, the State's position is like that of an ultimate distributee, in default of other statutory distributees. State v. Phoenix Sav. Bank & Tr. Co., 60 Ariz. 138, 132 P.2d 637, 639; State v. Standard Oil Co., 5 N.J. 281, 74 A.2d 565, 572. Mr. Justice Cardozo once said: "The state as the ultimate owner is in effect the ultimate heir." In re Melrose Ave., 234 N.Y. 48, 136 N.E. 235, 236. The United States Supreme Court has distinctly held that the right of escheat is a right of succession, rather that an independent claim to the property escheated. Christianson v. King County, 239 U.S. 356, 370, 36 S.Ct. 114; 60 L.Ed. 327. The result of that is this: "The State's right is purely derivative; it

takes only the interest of the unknown or absentee owner." Standard Oil case, supra, 5 N.J. 281, 74 A.2d 565, 573. Consequently, that which escheats to the State of Missouri under the statute here challenged by plaintiff is the title of policyholders to the fund in question, and not an independent taking or vesting of the fund in the State, so as to make the undistributable portion of the fund one directly recovered by plaintiff for the State, under his contract of employment, as plaintiff now contends.

(e) When the fund escheats to the State, the State "is thereby invested with all the rights, privileges, priorities, and appurtenances incident thereto and with which it was held by the persons from whom it escheated." 19 Am.Jur., p. 409. The fund being held for policyholders, free and clear of any lien in favor of plaintiff and his associates, the escheat thereof to the State did not create any right in plaintiff to now claim that he recovered such fund for and on behalf of the State within the ambit of his contract of employment, or any equitable principal here asserted by him. The priority of the policyholders to said fund passed to the State, unqualified and undiminished by any right that plaintiff now asserts against the fund in suit.

(f) The contention of plaintiff that he is being denied the equal protection of the law, because the State has not compelled Lauf, Cook and Weatherby to repay to the fund the various sums paid to them, but, on the contrary, has compromised litigation instituted by the State looking to that result, is without merit. In Weatherby's case, supra, and in Aetna Ins. Co. v. O'Malley, 342 Mo. 800, 118 S.W.2d 3, the payments so made from the fund to said parties were held to be illegal under State law by the Supreme Court of Missouri. The refusal of the State to countenance further illegal payments to be made from the fund in question cannot be held a denial of equal protection of the law. Meyer v. Territory of Hawaii, 9 Cir., 164 F.2d 845, 849.

Plaintiff's motion for a preliminary injunction is by the Court denied.

Defendant's motion to dismiss this action is by the Court sustained.