243 S.W.2d 967 (1951)
DE MAYO et al.
v.
LYONS et al.
No. 42616.
Supreme Court of Missouri, Division No. 1.
December 10, 1951.
*968 Walter W. Calvin, Marion D. Waltner, Kansas City, for appellants.
Lillie Knight, Walter A. Raymond Kansas City, for respondents.
HOLLINGSWORTH, Judge.
Plaintiffs (appellants) are co-executors of the estate of Frank DeMayo, deceased. They appeal from a judgment rendered against them in the sum of $36,986.19, on defendants' motion for restitution of the value of a quantity of whiskey seized and sold by the sheriff of Jackson County under a writ of execution issued on a judgment theretofore rendered in the circuit court of that county in favor of Frank DeMayo against defendants, and which judgment was thereafter reversed by this court. This is the third appeal in this case. See 358 Mo. 646, 216 S.W.2d 436, and 360 Mo. 512, 228 S.W.2d 691, wherein the facts and issues litigated and decided are fully set forth.
Frank DeMayo died subsequent to the first appeal and the action was revived in the name of his co-executors.
Defendants have filed a motion to strike the notice of appeal or in the alternative to dismiss the appeal and to assess damages for vexatious appeal against plaintiffs (appellants), under the provisions of § 512.160, subd. 4, RSMo1949, on the ground that all of the matters upon which the appeal is based were fully determined and adjudicated by the former appeals.
A brief statement of the facts and matters decided in the former appeals will suffice.
In 1944, Frank DeMayo and defendant Leonard A. Lyons entered into an agreement to buy a large quantity of whiskey from the American Distilling Company and to thereafter sell it at retail. Neither of them was licensed to sell whiskey, and they arranged to buy and sell it in the name of the Bismarck Grill, Inc., a corporation owned by defendants Leonard A. Lyons and his wife, Ann B. Lyons, and licensed to sell liquor at retail in Kansas City, Missouri. Pursuant to their agreement, DeMayo delivered to defendant Leonard A. Lyons $16,101.33, with which Lyons, together with funds furnished by himself and wife, purchased the whiskey and began to sell it at the Bismarck Grill. Thereafter, defendants refused to account to DeMayo for his share of the whiskey or any proceeds realized from sales thereof. DeMayo thereupon brought an action in equity for an accounting. Upon trial of that action *969 in the Circuit Court of Jackson County, DeMayo recovered a general judgment for the sum of $22,004.09, which judgment was made an equitable lien against some of the whiskey yet owned by the parties and stored in a warehouse. Defendants, without giving a supersedeas bond, appealed to this court. The judgment was reversed, this court holding that the contract between plaintiff and defendant Leonard A. Lyons was unlawful and contrary to the public policy of this State, and that a court of equity would leave the parties where they had placed themselves. 216 S.W.2d 436.
During the pendency of that appeal, DeMayo caused an execution to be issued and levied upon the whiskey in storage. One-half of the seized whiskey was delivered to DeMayo as his rightful share and the other one-half, considered the share of defendants, was sold under the execution, and DeMayo bid it in for $13,000.
The mandate issued out of this court reversing DeMayo's judgment directed: "that the said appellants (Lyons and wife) be restored to all things which they have lost by reason of the said judgment." Following the filing of that mandate in the Circuit Court of Jackson County, defendants filed the motion for restitution involved in the second and this third appeal. After hearing the evidence introduced in support of the motion, the Circuit Court of Jackson County denied it, on the sole ground that restitution should not be granted defendants because "the law will leave transgressors, in the circumstances, where they place themselves", from which judgment defendants appealed.
Upon that appeal, this court very definitely pointed out that the motion for restitution was not an action on the contract but rather an effort on the part of defendants to be restored to the property taken from them under the erroneous judgment, and further held: "The circuit court was under a duty to obey the mandate of this Court and to conform to the judgment of this Court. It had no discretion to refuse to grant appellants (defendants) restitution against respondents (plaintiffs) in accordance with the facts established upon the motion for restitution and its judgment denying restitution is erroneous." The decision in that case further stated: "According to the evidence, the whiskey disposed of by plaintiff was sold at prices at least equal to the fair market value thereof. Upon a retrial of their motion for restitution, appellants (defendants) are entitled to recover the amount realized by plaintiff (DeMayo) upon various sales of the whiskey obtained under execution, together with the reasonable market value of the whiskey as to which a sale by him is not established, and to the payment of interest upon the amount so established from the date of levy under the execution issued by the circuit court. They are also entitled to the repayment of all taxable costs paid by them upon the original trial, upon the first appeal, and upon this appeal." It then ordered: "The judgment of the circuit court of Jackson County is reversed and the cause is remanded to that court with directions to enter judgment in accordance with this opinion in favor of appellants and against respondents upon appellants' motion for an order of restitution." 228 S.W.2d 691, 694.
Following the mandate on the second appeal, the motion for restitution was again submitted to the trial court upon the transcript of the evidence adduced at the first hearing, and the trial court rendered judgment in accordance with the directions given it by the decision on that appeal.
The objections made to the submission of the motion in this manner were, in substance: (1) that the decision on the first appeal became the law of the case and finally adjudicated all issues sought to be determined by the motion for restitution; and (2) that the decision on the second appeal was not controlling and did not modify or unsettle the law announced on the first appeal. No objection was made that the witnesses were not produced or that the testimony was in any manner incorrect, and no contention is made that the judgment rendered was not in accordance with the last decision of this court.
The grounds asserted by plaintiffs on this appeal are those above set forth and two *970 additional points are asserted and briefed, to wit: (1) that this court is not bound by an erroneous ruling made on the second appeal, and (2) that, notwithstanding the mandatory directions of this court on the second appeal, it was the duty of the trial court to exercise its own discretion and to hear and determine for itself the right of restitution and the amount, if any, it should award defendants, and the trial court erred in arbitrarily awarding the specific restitution ordered by this court.
A reading of the decisions on the first and second appeals shows that the appeal here presented is without any foundation whatsoever. The decision on the second appeal in no wise conflicts with the decision on the first appeal. To the contrary, the decision on the second appeal points out the error of the trial court in construing the first opinion to mean that the motion for restitution was based upon the contract, and specifically states that defendants were entitled to restitution, regardless of the invalidity of the contract. The law announced therein is well established by the cases cited in the opinion. That decision became the law of the case on that issue and the trial court was bound to follow it. Sec. 512.160, subd. 5, RSMo 1949; Powell v. Bowen, Mo.Sup., 240 S.W. 1085, 1087; Abrams v. Scott, 357 Mo. 937, 211 S.W.2d 718, 721; Norris v. Bristow, Mo.Sup., 236 S.W.2d 316, 319; and the many collected cases in 3 Mo.D. 2-741, Appeal and Error. It is frivolous to assert that, notwithstanding the directions given the trial court by that decision as to the method to be followed in assessing the amount of restitution due defendants, it nevertheless could and should ignore them and exercise its own discretion, and that the trial court erred in not doing so.
Appellate courts are reluctant to impose a penalty for vexatious appeal, yet when it is apparent from the whole record, as it is in this case, that the appeal is so devoid of merit as to make the conclusion inevitable that it was not taken in good faith, then it is vexatious. "Appeals are allowed in actions at law for the purpose of reviewing such of the rulings of the trial court as involve questions that are at least fairly debatable. When taken solely for delay, regardless of the motive, they are vexatious." Johnson v. American Surety Co., 292 Mo. 521, 238 S.W. 500, 502. See also Boillot v. Income Guaranty Co., 233 Mo.App. 299, 120 S.W.2d 74, 75; Prudential Ins. Co. v. German Mut. Fire Ins. Ass'n, Mo.App., 142 S.W.2d 500, 504.
The statute, § 512.160, subd. 4, RSMo1949, invests this court with discretion to "award to the respondent such damages not exceeding ten per cent of the amount of the judgment complained of as may be just". To ignore its provisions in appeals so inexcusable as the one here involved would be to ignore its purpose and amount to an abuse of discretion. We are convinced an award of damages in the amount of five per cent of the judgment would be just.
The appeal is dismissed and respondents are awarded damages in the amount of five per cent of the judgment herein.
All concur.