**Sharon A. BREECE, Plaintiff-Appellant,**

v.

**Mishka C. JETT, Defendant-Respondent.**

**No. 40315.**

Missouri Court of Appeals,
Eastern District,
Division Four.

May 29, 1979.

Armstrong, Teasdale, Kramer & Vaughan, Edwin L. Noel, Edwin S. Fryer, St. Louis, for plaintiff-appellant.

Francis L. Ruppert, Clayton, for defendant-respondent.

CRIST, Judge.

Motion for restitution of all benefits acquired under a circuit court judgment that was reversed on appeal.

Plaintiff obtained judgment for the sum of $17,000. Defendant did not post an appeal bond. Pending the appeal, plaintiff executed on her judgment. She thereby received $643.18 and was scheduled to receive an additional $646.43 which had been paid into the court registry as a result of the execution. Additionally, defendant paid plaintiff $1,273.85 in order that she would not further execute on her judgment.

This court reversed the $17,000 award and remanded for a new trial. *Breece v. Jett,* 556 S.W.2d 696 (Mo.App.1977). While that case was awaiting retrial, defendant filed a motion for restitution of $1,916.93, the amount plaintiff received on the judgment, and caused the $646.43 in the court registry to be repaid to himself. Plaintiff then filed a motion to require defendant to

repay the $646.43 into the court registry. The circuit court granted the defendant's motion and overruled plaintiff's. Plaintiff appeals.[1] We affirm.

Plaintiff claims equity requires that the $1,916.93 she received be deposited in the trial court registry and that the $646.43 repaid to defendant be returned to the registry until the case in chief has been determined. Alternatively, she claims defendant is entitled to neither the $1,273.85 since he paid that amount voluntarily, nor is defendant entitled to the $646.43 since plaintiff received no notice prior to the repayment of that amount. We disagree.

The payments resulted when plaintiff executed and threatened to further execute on her judgment award. Defendant's first $643.18 payment was made pursuant to execution by court process. Defendant's remaining payments were made in accord with a method suggested by plaintiff as an alternative to a threat of further execution and, thus, were made in lieu of execution. Accordingly, none of defendant's payments were voluntary. The judgment became a nullity when it was reversed. Defendant is entitled to the return of his money. *De-Mayo v. Lyons*, 360 Mo. 512, 228 S.W.2d 691 (1950).

The judgment is affirmed.

DOWD, P. J., and SATZ, J., concur.

---

1. The amounts received by plaintiff, i. e. $643.18 and $1,273.85, total $1,917.03 and not $1,916.93. Apparently an error was made by the parties and inadvertently adopted by the trial court. Because the discrepancy is so minute, we shall ignore it.