In re the MARRIAGE OF Jimmy Dale COOK and Diane Elaine Cook.

Jimmy Dale COOK,
Petitioner-Respondent,

v.

Diane Elaine Cook GILL,
Respondent-Appellant.

No. 13416.

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 6, 1984.

No appearance, for petitioner-respondent.

Loren R. Honecker, Springfield, for respondent-appellant.

PREWITT, Judge.

This is an appeal from a denial of appellant's motion seeking restitution for child support payments she made until the judgment ordering them was reversed on appeal.

The marriage of the parties was dissolved on May 27, 1980, by the Webster County

Circuit Court and respondent received custody of their two children. No child support was ordered. Thereafter, on July 6, 1981, pursuant to a motion to modify filed by respondent, the Webster County Circuit Court ordered that appellant pay him $100 per month child support. Appellant appealed and that order was reversed. See *In re Marriage of Cook,* 636 S.W.2d 419 (Mo.App. 1982). During the period between the rendition of the judgment and its reversal appellant paid respondent $1,200 for child support.

Following the reversal a second motion for modification was filed by respondent seeking child support. By agreement it was transferred to the Greene County Circuit Court. Thereafter, appellant filed a motion for restitution in the Circuit Court of Greene County, asking to be restored the amount she paid as child support payments.

On June 14, 1983, the Circuit Court of Greene County modified the dissolution decree by awarding respondent child support of $150 per month per child and on August 8, 1983, overruled the motion for restitution. No reason for overruling appellant's motion was given or is suggested to us.

■ Appellant is entitled to restitution for the amounts paid. Upon reversal of a judgment the appellant is entitled to restitution from the respondent of all benefits acquired under the judgment during the pendency of the appeal. *DeMayo v. Lyons,* 360 Mo. 512, 228 S.W.2d 691, 692 (1950); *Lancaster v. Simmons,* 621 S.W.2d 935, 940 (Mo.App.1981); *Breece v. Jett,* 583 S.W.2d 573, 574 (Mo.App.1979). See also *State ex rel. Abeille Fire Ins. Co. v. Sevier,* 335 Mo. 269, 73 S.W.2d 361, 366 (1934). That the payments were for child support does not change this rule. The trial court should grant restitution without reference to the particular nature of the controversy. *DeMayo v. Lyons,* supra, 228 S.W.2d at 693.

■ Even without the motion to modify being transferred there, the Greene County Circuit Court had jurisdiction over appellant's claim. Restitution may be sought in the court rendering the reversed judgment, or by an independent action in another court. *Lucas v. Lamb,* 348 Mo. 900, 156 S.W.2d 634, 636–637 (1941); *Hurst Automatic Switch & Signal Co. v. Trust Co. of St. Louis County,* 291 Mo. 54, 236 S.W. 58, 62 (1921); *Colley v. Commercial Credit Equipment Corporation,* 565 S.W.2d 713, 716 (Mo.App.1978); *Pankey v. Welker,* 238 S.W.2d 915, 917–918 (Mo.App.1951); 5 Am. Jur.2d, Appeal and Error, § 1001, p. 427; 5B C.J.S. Appeal & Error § 1985, p. 628.

Appellant's motion was apparently treated as an independent action and its venue and form was not questioned, according to the record before us. As an independent action jurisdiction of appellant's claim was in the Greene County Circuit Court. Therefore, we need not decide if the venue of a motion to modify may be effectively changed by agreement, see Rule 51.02, and whether transfer of the motion gave appellant the right to bring her claim in Greene County.

Appellant was entitled to restitution and the Greene County Circuit Court had jurisdiction of her claim and should have granted it. She is entitled to the amounts paid and interest at 9% on each installment from the date paid. *DeMayo v. Lyons,* supra, 228 S.W.2d at 694; § 408.020, RSMo Supp.1982.

The judgment is reversed and the cause remanded with directions for the trial court to enter judgment in appellant's favor and against respondent for $1,200 with interest and costs.

MAUS, P.J., and HOGAN, J., concur.